Thomas R. Grady, Michael W. Pettit, Naples, FL, for plaintiffs-appellants.

John D. Boykin, Boose, Casey, Ciklin, Lubitz, Martens, McBane & O'Connell, West Palm Beach, FL, for defendants-appellees.

**Dom MIELE; Shirley Miele, Plaintiffs–Appellants,**

v.

**PRUDENTIAL BACHE SECURITIES; Roger A. Jones; Doug Haas, Defendants–Appellees.**

No. 92–2334.

United States Court of Appeals, Eleventh Circuit.

March 19, 1993.

Before COX, Circuit Judge, JOHNSON, Senior Circuit Judge, and KEHOE *, Senior District Judge.

JOHNSON, Senior Circuit Judge:

This case involves an important issue of Florida law that is determinative of this case, but unanswered by controlling precedent of the Supreme Court of Florida: whether that provision of the Florida Tort Reform and Insurance Act providing for the division of punitive damage awards between the recovering plaintiff and the State of Florida applies to arbitration awards. Because resolution of this issue is of great concern to parties choosing to arbitrate or litigate in the State of Florida, we believe the issue is one appropriate for resolution by Florida's highest court. Accordingly, we certify the question to the Supreme Court of Florida.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF FLORIDA PURSUANT TO ARTICLE 5, SECTION 3(B)(6) OF THE FLORIDA CONSTITUTION.

TO THE SUPREME COURT OF FLORIDA AND ITS HONORABLE JUSTICES:

---

* Honorable James W. Kehoe, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

## I. Statement of the Facts and Procedural Background

In 1985 Dom and Shirley Miele established an investment account with Prudential–Bache Securities, Inc. ("Pru–Bache"). The Mieles' contract with Pru–Bache provided for the arbitration of any controversy arising out of or related to the account. Over a period of four years, the Mieles incurred substantial losses to their account. After Pru–Bache refused to reimburse the Mieles for their losses, they filed a demand pursuant to their contract to arbitrate the dispute before the American Arbitration Association (the "AAA").

On June 7, 1991, the AAA found for the Mieles and entered an Award in their favor consisting of both compensatory and punitive damages. Upon receipt of the Award, the Mieles filed a petition in district court, seeking to have the Award confirmed. Shortly thereafter, Pru–Bache forwarded two checks to the Mieles. One of the checks, representing 60% of the punitive damage award, was made out to the State of Florida General Revenue Fund, pursuant to Fla.Stat.Ann. § 768.73(2) (West Supp.1992) which provides for the splitting of punitive damages between the State of Florida and the claimants in civil cases.[1] Pru–Bache then responded to the Mieles' petition, representing to the district court that the Award had been fully paid.

The Mieles moved again for an order confirming the award, attacking the amounts tendered by Pru–Bache on two grounds. First, the Mieles contended that Pru–Bache had erroneously calculated the total amount of the award. Second, the Mieles contended that § 768.73(2) did not apply to arbitration awards, and that if it did, it was unconstitutional. The district court entered an order confirming the Mieles' Award (1) finding that the total

amount of punitive damages was $266,654.79, and (2) holding that § 768.73 applied to arbitration awards. The Mieles appealed.[2]

## II. Reason for Certification

At issue in this case is whether § 768.73 applies to arbitration awards. Section 768.73, enacted by the Florida legislature as part of the Tort Reform and Insurance Act, provides in relevant part:

(2) In any civil action, an award of punitive damages shall be payable as follows:

(a) Forty percent of the award shall be payable to the claimant.

(b) If the cause of action was based on personal injury or wrongful death, 60 percent of the award shall be payable to the Public Medical Assistance Trust Fund created in § 409.2662; otherwise 60 percent of the award shall be payable to the General Revenue Fund.

Fla.Stat.Ann. § 768.73 (West Supp.1992). Both parties have advanced reasonable constructions of the statute in support of their respective positions concerning whether § 768.73 applies to arbitration awards. Having found no Florida Supreme Court decision that speaks to the issue in this case,[3] we believe that it is appropriate for the highest court of Florida to determine whether the legislature intended that arbitration awards be subject to the Florida Tort Reform and Insurance Act.

## III. Question Certified

We respectfully certify the following question to the Supreme Court of Florida:

Does Florida Statute § 768.73 apply to arbitration awards?

We do not intend the particular phrasing of this question to restrict the Supreme Court of Florida in its consideration of the

---

**1.** Section 768.73(2) has since been amended to provide for 35% of a punitive damage award to be paid to the State of Florida. 1992 Fla.Laws ch. 92–85, § 2.

**2.** On appeal, the Mieles raised several issues in addition to whether § 768.73 applies to their Award. We reserve consideration of these issues pending receipt of an answer to this certified question.

**3.** The only Florida court to consider this issue has held in an opinion utterly devoid of any analysis that the Tort Reform and Insurance Act does not reach arbitration awards. *See Dean Witter Reynolds, Inc. v. Duncan*, No. 92–1309, slip op. (Fla.Cir.Ct. July 16, 1992).

issue or in the manner in which it gives its reply. The clerk of the court is directed to transmit this certificate as well as the briefs and record filed with the court to the Supreme Court of Florida, and simultaneously to transmit copies of the certificate to the attorneys for the parties.

QUESTION CERTIFIED.