Don MIELE; Shirley Miele,
Plaintiffs–Appellants,

v.

PRUDENTIAL BACHE SECURITIES;
Roger A. Jones; Doug Haas,
Defendants–Appellees.

No. 92–2334.

United States Court of Appeals,
Eleventh Circuit.

Aug. 31, 1995.

Thomas R. Grady, Michael W. Pettit, Naples, FL, for appellants.

John D. Boykin, Boose, Casey, Ciklin, Lubitz, Martens, McBane & O'Connell, West Palm Beach, FL, for appellees.

Before COX, Circuit Judge, JOHNSON, Senior Circuit Judge, and KEHOE *, Senior District Judge.

PER CURIAM:

In 1985, Dom and Shirlee Miele established an investment account with Prudential–Bache Securities, Inc. ("Prudential"). The Mieles' contract with Prudential provided for arbitration of any controversy arising out of or related to the account. After suffering losses over a four year period, the Mieles sought arbitration for Prudential's refusal to reimburse them. In 1991, the American Arbitration Association (the "AAA") found for the Mieles, awarding them, among other things, punitive damages in the amount of $266,654.79.[1]

Upon the Mieles' filing a confirmation action in the district court, Prudential tendered two checks to the Mieles. One of the checks, representing 60% of the punitive damages award, was made out to the State of Florida General Revenue Fund, pursuant to Fla.Stat. Ann. § 768.73 (1991).[2] The other check was made out to the Mieles and covered the balance of the punitive damages award. The Mieles again sought to confirm the arbitration award, contending that they were entitled to the entire punitive damages award because § 768.73(2) did not apply to arbitration awards.[3] The district court disagreed, and the Mieles appealed.

We certified the following question to the Florida Supreme Court:

Does Florida Statute § 768.73 apply to arbitration awards? *Miele v. Prudential Bache Securities,* 986 F.2d 459 (11th Cir. 1993). The Florida Supreme Court has now

---

* Honorable James W. Kehoe, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

1. The Mieles contend that, contrary to the district court's finding, the AAA awarded them twice this amount in punitive damages. We conclude that this contention is without merit.

2. Section 768.73(2) has since been amended to provide for 35% of a punitive damage award to

be paid to the State of Florida. 1992 Fla. Laws ch. 92–85, § 2.

3. The Mieles also contended (1) that even if § 768.73(2) applied to arbitration awards, it did not apply to their arbitration award, and (2) that application of § 768.73(2) to arbitration awards is unconstitutional.

answered that question in the negative. *Miele v. Prudential–Bache Securities, Inc.*, 656 So.2d 470, 473 (Fla.1995). Accordingly, we REVERSE and REMAND to the district court for further proceedings consistent with the Florida Supreme Court's holding.[4]

---

4. In light of the Florida Supreme Court's conclusion that § 768.73(2) does not apply to arbitra-tion awards, we need not reach the other issues raised by the Mieles.